## ANDERSON *et al.* v. McCRORY.

No. 4310.   Opinion Filed May 11, 1915.

(148 Pac. 988.)

**APPEAL AND ERROR—Findings of Fact—Evidence.** The findings of fact in a cause tried to the court, being reasonably supported by the evidence, will be approved by the Supreme Court on appeal.

(Syllabus by Galbraith, C.)

*Error from District Court, McIntosh County;*

*Preslie B. Cole, Judge.*

Action by Grace R. McCrory against Walter Anderson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Hazen Green* and *Geo. Miller, Jr.,* for plaintiff in error.

GALBRAITH, C.   This action was commenced by Grace R. McCrory, as assignee and holder of a promissory note executed by Walter Anderson to one R. M. Dick, seeking judgment for the indebtedness and foreclosure of a real estate mortgage executed to secure the same on 40 acres of land located in McIntosh county. Daniel W. Kinsey, it was charged, was the purchaser of the land subsequent to the execution of the mortgage and that he had assumed payment thereof.   Walter Anderson filed a general denial, and the defendant Kinsey set out a number of defenses, among these being a failure of consideration for and fraud in securing the execution of the note and mortgage, and also that Walter Anderson was a married man and the head of a family, and that the land described in the mortgage was his homestead, and that his wife did not join in the mortgage, and for that reason the same was void.   There was a trial to the court, and a finding for the plaintiff, that she was the legal owner and holder of the note and mortgage, and that the same was due and unpaid, and constituted a valid lien on the land described, and a foreclosure

was decreed and a sale ordered.   From this judgment the defendants appeal.

Among the errors assigned there is only one that is really worthy of consideration, and that is that the court erred in rendering judgment for the defendant in error.   The record shows that the execution of the note and mortgage was proved by competent evidence, and each was introduced in evidence.   There was no evidence of fraud in the execution of the note and mortgage, and the evidence in support of the other defense of Kinsey, even if he were permitted to interpose the defense of homestead exemption on the part of Anderson, his codefendant, was of such an uncertain and unsatisfactory character that we would not be justified in setting aside the finding of the trial court thereon.   *Carter v. Pickett,* 39 Okla. 144, 134 Pac. 440.

We recommend that the exceptions be overruled, and judgment appealed from be affirmed.

By the Court:   It is so ordered.